People v Bonifacio (2020 NY Slip Op 00517)





People v Bonifacio


2020 NY Slip Op 00517


Decided on January 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
Supreme Court of the State of New York
Appellate Division: Second Judicial Department
D62050
M/afa
 AD3d

ALAN D. SCHEINKMAN, P.J.


[*1]The People of the State of New York, plaintiff, 
v
Ramon Bonifacio, defendant. (Ind. No. 610/19)




DECISION & ORDER
Application by the defendant pursuant to CPL 245.70(6) to review a ruling of a Justice of the Supreme Court, Nassau County, as set forth in a protective order of that court dated January 10, 2020, and, upon review, to vacate or modify the ruling.
Upon the papers filed in support of the application and the papers filed in opposition thereto, and upon oral argument, it is
ORDERED that the application is granted, the ruling and the protective order are vacated, and the matter is remitted to the Supreme Court, Nassau County, to afford the defendant an opportunity to make arguments to that court with respect to the People's application for a protective order in accordance herewith.
On January 1, 2019, the defendant allegedly stabbed his wife of 30 years multiple times with a knife or sharp object in the chest and back, causing her to sustain serious physical injury. He was charged in an indictment with attempted murder in the second degree, among other crimes. In January 2020, the People made an ex parte application for a protective order regarding certain information otherwise subject to automatic disclosure pursuant to CPL 245.70(1). On January 10, 2020, after conducting an ex parte proceeding, the Supreme Court issued a protective order pursuant to CPL 245.70. The protective order delayed the time by which the People are to provide information regarding a certain witness until the completion of jury selection. After reviewing the protective order, defense counsel contacted the court to request an opportunity to be heard, but the court refused, advising counsel that there existed a mechanism for the defendant to seek review of the protective order in the Appellate Division pursuant to CPL 245.70(6). The defendant now seeks expedited review of the court's ruling pursuant to CPL 245.70(6). The defendant contends, inter alia, that the court should have granted his counsel's request to be heard with respect to the application for a protective order. I agree.
Discovery in criminal actions is now governed by the new CPL article 245, which was enacted as part of sweeping criminal justice reform legislation. It provides for "automatic" disclosure by the People to the defendant of "all items and information that relate to the subject matter of the case" that are in the People's possession or control (CPL 245.20[1]). Unlike the prior discovery statute, which allowed the People to wait until the time of trial to turn over witness statements (see CPL former 240.45), the new statutory scheme provides that disclosure is to be made within days after arraignment (see CPL 245.10[1][a]). The new statute provides that there shall be a "presumption in favor of disclosure" when interpreting certain listed provisions of CPL article 245 (CPL 245.20[7]), although the provision relating to protective orders (CPL 245.70) is not among those that are listed (see CPL 245.20[7]). CPL 245.70 provides that upon a showing of good cause by either party, the court [*2]may at any time order that discovery be denied, restricted, conditioned, or deferred, or make such other order as is appropriate (see CPL 245.70[1]). It further provides that the court "may permit a party seeking or opposing a protective order under this section, or another affected person, to submit papers or testify on the record ex parte or in camera," and that any such papers and a transcript of any such testimony may be sealed and constitute a part of the record on appeal (CPL 245.70[1]). The statute further provides that "[u]pon a request for a protective order, unless the defendant voluntarily consents to the people's request for a protective order, the court shall conduct an appropriate hearing within three business days to determine whether good cause has been shown" (CPL 245.70[3]). In determining whether good cause exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise as defined in subdivision three of section 460.10 of the penal law; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]).
As the People contend, the statute does not require that defense counsel participate in the "appropriate hearing" (CPL 245.70[3]) in every case, or even to have prior notice of it. The statute contemplates that there may be cases in which defense counsel does not receive advance notice of the hearing. This is reflected in CPL 245.70(6), which provides that service on the opposing party of an application for expedited appellate review of a protective order ruling and a statement regarding efforts to reach an accommodation "are unnecessary where the opposing party was not made aware of the application for a protective order and good cause is shown for omitting service of the order to show cause on the opposing party" (CPL 245.70[6][b]). Notably, this language indicates both that defense counsel will not always have been made aware of an application by the People and that the People will not always have been made aware of an application by a defendant.
Nevertheless, as the defendant argues, although CPL article 245 logically and expressly permits a court, when appropriate, to consider evidence and arguments ex parte when considering whether to issue a protective order (see CPL 245.70[1]), it also recognizes the importance of parties and the court taking available measures to attempt to resolve discovery disputes and reach reasonable accommodation. In this regard, CPL 245.35(1) authorizes the court to issue an order requiring the parties to "diligently confer to attempt to reach an accommodation as to any dispute concerning discovery prior to seeking a ruling from the court." Moreover, where the opposing party was made aware of the application for a protective order, CPL 245.70(6)(b)(ii) mandates that an application for expedited appellate review of a protective order ruling be accompanied by a sworn affirmation stating in good faith "that diligent efforts to reach an accommodation of the underlying discovery dispute with opposing counsel failed or that no accommodation was feasible." The statute cannot be reasonably construed to permit a protective order to be sought entirely ex parte in every case. Since entirely ex parte proceedings should be allowed only in some cases, it necessarily follows that proceedings on applications for a protective order should be entirely ex parte only where the applicant has demonstrated the clear necessity for the entirety of the application, and the submissions in support of it, to be shielded from the opposing party. It may be that, even where some aspects of the application should be considered by the court ex parte, other portions of the application may be appropriately disclosable.
Here, defense counsel made a reasonable request that the Supreme Court allow defense counsel to be heard on the People's application for a protective order. The court could have [*3]granted that request, while still reviewing all, or some portion, of the papers and/or receiving testimony in camera before making a determination as to whether any of it should be shared with defense counsel. Even without access to particular evidence, defense counsel could have made arguments to the court with respect to some of the myriad of factors that the court may consider pursuant to CPL 245.70(4) in determining whether good cause exists to issue a protective order. As the defendant contends, such an approach would allow the parties to discuss before the court the same issues that are being litigated before me now, and could have led to a compromise that might have avoided the instant application for review, or failing that, led to an order that resulted from a more balanced consideration of the relevant factors and both parties' concerns.
The necessity for appellate intervention would have been reduced had the Supreme Court, either before or after granting the subject protective order, afforded defense counsel the opportunity to be heard and thereafter determined whether to grant, adhere to, modify, or rescind the protective order. The statute permits an interactive process whereby a protective order may be modified from time to time, as circumstances require, upon a showing of good cause made by either party (see CPL 245.70[1]). The limited experience under the new statutory procedures to date suggests that, at least in some instances, defense counsel may have more information than the prosecution may perceive, and that candid, good-faith discussion between counsel, superintended by the trial court, may lead to an appropriate accommodation of the parties' competing concerns.
Here, the Supreme Court provided no explanation in either the sealed or unsealed portions of the record as to why the hearing needed to be entirely ex parte, and no reason is apparent on the face of the record. Accordingly, I conclude that the expedited review application should be granted, the court's ruling and protective order should be vacated, and the matter should be remitted to the Supreme Court, Nassau County, to afford the defendant an opportunity to make arguments to that court with respect to the People's application for a protective order in accordance herewith. ALAN D. SCHEINKMAN Presiding Justice