People v Nash (2020 NY Slip Op 00520)





People v Nash


2020 NY Slip Op 00520


Decided on January 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
Supreme Court of the State of New York
Appellate Division: Second Judicial Department
D62095
L/htr
 AD3d

ALAN D. SCHEINKMAN, P.J.


[*1]The People of the State of New York, plaintiff,
v
Lester Nash, defendant. (Ind. No. 7315/19)




DECISION & ORDER
Application by the defendant pursuant to CPL 245.70(6) to review a ruling of a Justice of the Supreme Court, Kings County, as set forth in a protective order of that court dated January 16, 2020, and, upon review, to vacate or modify the ruling.
Upon the papers filed in support of the application and the papers filed in opposition thereto, and upon oral argument, it is
ORDERED that the application is denied.
The defendant was charged with murder in connection with the shooting death of the victim. On January 10, 2020, the People submitted, ex parte, a written application for a protective order pursuant to CPL 245.70 allowing them to delay the disclosure of certain discoverable material until one week prior to the commencement of trial. On the same date, in court, the People notified defense counsel that they were intending to make an ex parte application for a protective order. The Supreme Court then adjourned the case to January 15, 2020. On January 15, 2020, the Supreme Court convened in an open session in the presence of the prosecutor, defense counsel, and the defendant. After ascertaining that defense counsel would not waive a hearing on the protective order, the court ordered the courtroom sealed. The defendant was removed from the courtroom, and defense counsel stepped out of the courtroom. Defense counsel did not voice an objection to the court's conduct of an ex parte proceeding. Nor did defense counsel seek to offer any arguments concerning any of the factors relevant to the determination as to whether, and to what extent, a protective order should be issued. The court then proceeded to conduct an ex parte proceeding regarding the People's application. Thereafter, the court resumed with a continued open session attended by both defense counsel and the defendant. After the court informed defense counsel that it had granted the People's application, the parties and the court proceeded to discuss other matters related to the case. During these proceedings, defense counsel inquired as to whether there was description of the shooting by a witness. The court responded by stating that defense counsel had been provided with a videotape that "pretty much shows you how the shooting occurred." While defense counsel noted the possibility that the videotape might contradict a witness's statement, counsel acknowledged that this was a trial issue and that he could have his expert hear the witness's testimony. The court also pointed out that the defendant could have an expert view the videotape. On January 16, 2020, the court issued a protective order that was less expansive than the one sought by the People. The defendant now seeks expedited review of the court's ruling pursuant to CPL 245.70(6).
CPL 245.70 provides that "[u]pon a showing of good cause by either party, the court may at any time order that discovery or inspection of any kind of material or information under this article be denied, restricted, conditioned or deferred, or make such other order as is appropriate" (CPL 245.70[1] [emphasis added]). While the statute further provides that the court "may impose as a condition on discovery to a defendant that the material or information to be discovered be available only to counsel for the defendant," contrary to the defendant's contention, the statute does not require that the court allow defense counsel to have access to the material or information covered [*2]by the protective order in every case (CPL 245.70[1] [emphasis added]; see People v Beaton, _____ AD3d _____, 2020 NY Slip Op 00372 [2d Dept 2020]). Rather, where an appropriate legal basis exists for the issuance of a protective order, whether disclosure to defense counsel should be permitted, like whether a protective order should be issued at all, is a determination to be made by the trial court in the exercise of provident discretion. Under the circumstances of this case, the Supreme Court providently exercised its discretion in partially granting the People's application for a protective order (see CPL 245.70[4]; People v Beaton, _____ AD3d _____, 2020 NY Slip Op 00372). Unlike in People v Beaton, the record reflects that the court considered the possibility of allowing defense counsel access to the information on the condition that it not be shared with the defendant personally; the court raised this possibility sua sponte. It would have been better in my view to allow defense counsel to see the portions of the People's written application that contained legal argument or other matter that would not reveal the information sought to be covered by the protective order, pending the court's determination as to whether the sensitive portions of the People's application should be sealed. Further, it would have been better in my view, even assuming that portions of the People's written and oral presentations should be sealed, to permit defense counsel to participate in portions of the protective order proceeding where the substance of the sealed information is not discussed. In my view, defense counsel should be excluded from participation in the protective order review process only to the extent necessary to preserve the confidentiality of sensitive information pending the court's determination as to the issuance, and scope, of the protective order.
This being said, in this case, unlike in People v Bonifacio (_____ AD3d _____, 2020 NY Slip Op 00517 [2d Dept 2020]), defense counsel had notice of the protective order application and the opportunity to make arguments with respect to it. Under these circumstances, I deny the application for expedited review. ALAN D. SCHEINKMAN Presiding Justice