People v Griggs (2020 NY Slip Op 01136)





People v Griggs


2020 NY Slip Op 01136


Decided on February 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, plaintiff,
v
Ishmel Griggs, defendant. (Ind. No. 1876/19) 




DECISION & ORDER
Austin, J. Application by the defendant pursuant to CPL 245.70(6) to review a ruling of an Acting Justice of the Supreme Court, Nassau County, as set forth in a protective order of that court dated February 7, 2020, and, upon review, to modify or vacate the ruling.
Upon the papers filed in support of the application and the papers filed in opposition thereto, and upon oral argument, it is
ORDERED that the application is denied; and it is further,
ORDERED that the documents submitted under seal by the People in connection with this application pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed.
On November 27, 2019, the defendant was indicted for the crimes of attempted murder in the second degree (count 1), assault in the first degree (count 2), criminal possession of a weapon in the second degree (counts 3 and 4), and criminal use of firearm in the first degree (count 5).
On February 7, 2020, a sealed protective order hearing pursuant to CPL 245.70(1) was held before the Supreme Court at the request of the People to deny or delay automatic disclosure
of certain materials relating to names, contact information and other identifying material of witnesses identified in the application as Witnesses 1 through 90. Initially, the Supreme Court heard from the People as to the basis for their application. The courtroom was sealed and defense counsel was not permitted to participate until after the Supreme Court heard the People's arguments and made its ruling. Thereafter, defense counsel was permitted in the courtroom at which time she was advised of the court's determination. Defense counsel was also permitted to make arguments on behalf of the defendant with regard to several aspects of the ruling. Thereafter, the defendant was permitted in the courtroom to be advised as to the court's ruling.
A written copy of the protective order granted by the court was handed down on the date of the hearing. The protective order provides that, "the automatic discovery/inspection of material contained in any document or source subject to automatic discovery which tends to reveal the identity of the above listed witnesses and/or information related to said witnesses as set forth above and in the People's ex parte application be denied/delayed/restricted from discovery at this time as requested by the People above until further court order." The ex parte request by the People as related to Witnesses 1 through 4 sought a ruling to fully restrict "disclosure of the names, contact information and other identifying material of these witnesses." The ex parte request by the People as to related to Witnesses 5 through 90 sought a ruling to restrict "the disclosure of names, contact [*2]information and other identifying material of these individuals to defense counsel only until further order of the Court."
By order to show cause granted by an Associate Justice of this Court on February 10, 2020, defense counsel sought review of the protective order pursuant to CPL 245.70(6). In support of her application, defense counsel argues that, with the restrictions on disclosure relating to the 90 witnesses, she will be unable to properly investigate and prepare for the hearings and trial of this matter since the defendant cannot meaningfully participate. For example, defense counsel posits that knowing the names of the witnesses would potentially enable the defendant to aid in preparing for cross examination of such witnesses on issues of character and bias.
In opposition, the People set forth their basis for seeking the limitations on and the delay of disclosure as granted by the Supreme Court. With their opposition, the People included the documents submitted under seal, as well as the sealed transcript of the proceedings which occurred on February 7, 2020, concerning the People's application for a protective order.
In making the application for review of the Supreme Court's protective order, defense counsel requested oral argument before the undersigned. Both sides were present at which time each made their arguments in favor and against the application before this Court.
Initially, it is noted that, upon review of the sealed protective order transcript, defense counsel was afforded a reasonable opportunity to be heard with regard to her objections to the protective order. Accordingly, I find that defense counsel was afforded a reasonable opportunity to be heard with respect to the People's application for a protective order (see People v Bonifacio, ___ AD3d ___, 2020 NY Slip Op 00517 [2d Dept 2020]).
On the merits, I find that the Supreme Court properly exercised its discretion in granting the People's application for a protective order upon good cause shown (see CPL 245.70[4]; People v Frost, 100 NY2d 129, 134-135). The record shows that the Supreme Court considered the statutory factors, including, inter alia, witness safety, risk of witness intimidation, and risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants and the nature, severity, and likelihood of that risk. In taking into account that the charges against the defendant are gang-related, the Supreme Court properly considered and weighed the defendant's rights in allowing disclosure to defense counsel only with regard to Witnesses 5 through 90 so as to enable defense counsel the ability to begin her investigation of the matter.
Finally, it goes without saying, that this is a preliminary step in the process. Denial of, or more properly, limiting and delaying, disclosure does not mean that the defendant will never have access to the subject disclosure so as to permit him to fully aid his counsel in the preparation of this matter for trial inasmuch as the defendant will still be entitled to receive Rosario, Brady, and Giglio material. Defense counsel's concerns relating to securing her client's help in trial preparation are well-taken but premature. The Supreme Court properly recognized that disclosure will ultimately be available upon "further order of the Court" and the courthouse doors will not be closed to further discovery applications by the defendant.