People v Belfon (2020 NY Slip Op 01630)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Belfon

2020 NY Slip Op 01630

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
[*1]The People of the State of New York, plaintiff,
vLatrell Belfon, defendant. (Ind. No. 1981/19)

DECISION & ORDERScheinkman, P.J. Application by the defendant pursuant to CPL 245.70(6) to vacate or modify a ruling of an Acting Justice of the Supreme Court, Nassau County, as set forth in a protective order of that court dated February 24, 2020.Upon the papers filed in support of the application and the papers filed in opposition thereto, and upon oral argument, it isORDERED that the application is granted, the ruling and the protective order are vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing pursuant to CPL 245.70(3) in accordance herewith; and it is further,ORDERED that the documents submitted under seal by the People in connection with this application pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed.The defendant was charged in an indictment with attempted murder in the second degree, and other lesser crimes. The People made an ex parte application for a protective order pursuant to CPL 245.70 regarding certain information otherwise subject to automatic disclosure within days of arraignment pursuant to CPL 245.10 and 245.20. The Supreme Court granted the application after conducting an ex parte proceeding. Upon a prior application pursuant to CPL 245.70(6), I vacated the protective order and remitted the matter to the Supreme Court to afford the defendant an opportunity to make arguments to that court with respect to the People's application (see People v Belfon, 179 AD3d 981).A hearing was conducted upon remittal. However, at the outset, the court declined to direct that the People disclose the general nature of the information sought to be protected and also declined to direct that the People disclose the reasons why they were seeking a protective order. In particular, defense counsel inquired as to whether the People were asserting that the defendant was connected to a gang that would make it more likely that witnesses would be harmed. Defense counsel requested that the information at least be disclosed to counsel for their eyes only. This request was also denied. The court then directed that defense counsel and the defendant be excluded from the courtroom, conducted further proceedings ex parte, and thereafter the court issued a new protective order that was substantively identical to the first one.I agree with the defendant that the People should have been required to disclose to defense counsel the general nature of the information that the People sought to be protected (see CPL 245.10[1][a] ["Portions of materials claimed to be non-discoverable may be withheld pending a determination and ruling of the court under 245.70 of this article; but the defendant shall be notified [*2]in writing that information has not been disclosed under a particular subdivision of (CPL 245.20)"]).The defendant and his counsel were not informed as to whether what was sought to be protected were only witness names and personal information as opposed to witness statements, police reports, grand jury testimony, video or audio recordings, or other evidence. I also agree with the defendant that, under the circumstances of this case, the People should have been required to disclose information about the reasons for the application that would not reveal the existence of the information sought to be protected. As I stated in People v Bonifacio (179 AD3d 977, 979), "proceedings on applications for a protective order should be entirely ex parte only where the applicant has demonstrated the clear necessity for the entirety of the application, and the submissions in support of it, to be shielded from the opposing party" and that it may be that "even where some aspects of the application should be considered by the court ex parte, other portions of the application may be appropriately disclosable." Here, much of the written application could have been disclosed to defense counsel in redacted form without any danger of revealing the information sought to be protected. In their papers opposing this application for review, the People assert that the defendant is a member of the Bloods gang. It is readily apparent that there is no good cause for the People's refusal to inform defense counsel, prior to the hearing on remittal, whether they were relying on an allegation as to the defendant's membership in a gang as a basis for seeking a protective order. To the extent that the People's argument for a protective order is predicated upon an assertion of gang membership, and the source for that assertion is from an identified law enforcement officer, this aspect of the application could have been disclosed to defense counsel, without any danger to any cooperating or confidential witnesses, and would have allowed defense counsel an opportunity to challenge the allegation that the defendant was a member of the Bloods gang. As I observed in People v Nash (179 AD3d 982), it is the better practice to allow defense counsel to see the portions of the People's written application that contains legal argument or other matter that would not reveal the information sought to be covered by the protective order, pending the court's determination as to whether the sensitive portions of the People's application should be sealed. Further, it is the better practice, even assuming that portions of the People's written and oral presentations should be sealed, to permit defense counsel to participate in portions of the protective order proceeding where the substance of the sealed information is not discussed. In my view, defense counsel should be excluded from participation in the protective order review process only to the extent necessary to preserve the confidentiality of sensitive information pending the court's determination as to the issuance, and scope, of the protective order. Here, unlike in Nash, defense counsel made a request for information about the reasons for the People's application for a protective order in order to make informed arguments about it. Under these circumstances, I vacate the new protective order and remit the matter to the Supreme Court, Nassau County, for a new hearing pursuant to CPL 245.70(3). Prior to that hearing, the People should disclose to defense counsel the aspects of their application that would not reveal the existence of the information sought to be protected.