People v Wilson (2020 NY Slip Op 03041)





People v Wilson


2020 NY Slip Op 03041


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-11570
 (Ind. No. 3403/17)

[*1]The People of the State of New York, respondent,
v
Hasson Wilson, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dineen Riviezzo, J.), imposed March 8, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid. The Supreme Court's colloquy mischaracterized the scope of the appeal waiver by stating that the defendant's plea and sentence would not be reviewed by a higher court (see People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *6-7; People v McDowell, 181 AD3d 716), and "neither the [Supreme] Court's colloquy nor the written waiver form contain[ed] any language that appellate review remained available for select issues, including the voluntariness of the plea and the appeal waiver, legality of the sentence, and the jurisdiction of the court" (People v Baptiste, 181 AD3d 696; see People v Thomas, ___ NY3d at ___, 2019 NY Slip Op 08545, *6-7). Moreover, the defendant was young, inexperienced with the criminal justice system, and had a significant mental health history. Under all of these circumstances, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court