People v Jeremiah (2020 NY Slip Op 04579)





People v Jeremiah


2020 NY Slip Op 04579


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2015-12317
 (Ind. No. 5852/14)

[*1]The People of the State of New York, respondent,
v
Jude Jeremiah, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Elizabeth Foley, J.), rendered November 12, 2015, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid. The Supreme Court's colloquy overstated the scope of the purported waiver by informing the defendant that he was "giving up [his] right to appeal any issue that may arise in this case" (emphasis added), and neither the court's colloquy nor the written waiver form contained any language that appellate review remained available for select issues (compare People v McDowell, 181 AD3d 716, and People v Baptiste, 181 AD3d 696, with People v Thomas, 34 NY3d 545, 564). Moreover, the defendant was inexperienced with the criminal justice system. Under all of these circumstances, the purported waiver does not preclude review of his contentions (see People v Wilson, 183 AD3d 922).
However, the bargained-for sentence was not excessive (see People v Suitte, 90 AD2d 80), and the defendant's remaining contention is without merit.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court