People v Hatchett (2020 NY Slip Op 07916)





People v Hatchett


2020 NY Slip Op 07916


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-13714
2020-08581
 (Ind. No. 372/2018; S.C.I. No. 4/2018)

[*1]The People of the State of New York, respondent,
v
Jovon J. Hatchett, appellant.


Walter J. Storey, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for
respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Craig Stephen Brown, J.), imposed October 2, 2018, and an amended sentence of the same court, also imposed October 2, 2018, on the ground that the sentence and the amended sentence are excessive.
ORDERED that the sentence and the amended sentence are affirmed.
The defendant's purported waiver of his right to appeal was invalid. The County Court's colloquy mischaracterized the scope of the appeal waiver by stating that the defendant's plea and sentence would not be reviewed by a higher court (see People v Thomas, 34 NY3d 545, 561-564; People v McDowell, 181 AD3d 716), and "neither the . . . [c]ourt's colloquy nor the written waiver form contain[ed] any language that appellate review remained available for select issues, including the voluntariness of the plea and the appeal waiver, legality of the sentence, and the jurisdiction of the court" (People v Baptiste, 181 AD3d 696, 696; see People v Thomas, 34 NY3d at 561-564). Moreover, the defendant was young and relatively inexperienced with the criminal justice system. Under these circumstances, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Wilson, 183 AD3d 922; People v Fuller, 163 AD3d 715).
However, neither the sentence nor the amended sentence imposed were excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court