People v Stroud (2021 NY Slip Op 00101)





People v Stroud


2021 NY Slip Op 00101


Decided on January 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 8, 2021

112641

[*1]The People of the State of New York, Plaintiff,
v
Eric Stroud, Defendant.




John C. Egan Jr.
Application by defendant, pursuant to CPL 245.70 (6), for expedited review of an order of the County Court of Rensselaer County (Sober, J.), dated December 18, 2020, which, among other things, granted the People's application for a protective order.
On December 14, 2020, defendant was arraigned in connection with an indictment charging him with murder in the second degree and criminal possession of a weapon in the third degree. On December 18, 2020, the People submitted an ex parte application for a protective order of certain materials (see CPL 245.70 [1]). Specifically, the People sought to withhold the grand jury testimony, identification procedures and interviews of a certain witness. Following an ex parte hearing, County Court issued an order directing that disclosure of the aforementioned information be denied until 30 days before trial. Defendant now seeks expedited review of County Court's order pursuant to CPL 245.70 (6).
Defense counsel argues that the People improperly sought, and County Court improperly granted, the protective order without providing defendant prior notice of the application or the hearing (see CPL 245.10 [1]). "CPL article 245 logically and expressly permits a court, when appropriate, to consider evidence and arguments ex parte when considering whether to issue a protective order" (People v Bonifacio, 179 AD3d 977, 979 [2020], citing CPL 245.70 [1]). Although the language of CPL 245.70 (6) (b) (ii) contemplates that defense counsel will not always be notified of the People's application for a protective order, "proceedings on [such] applications . . . should be entirely ex parte only where the applicant has demonstrated the clear necessity for the entirety of the application, and the submissions in support of it, to be shielded from the opposing party" (People v Bonifacio, 179 AD3d at 979). Under the circumstances presented here, upon review of the People's ex parte application and the ex parte proceedings conducted by County Court, and given the extremely sensitive nature of the information, I find that the People have demonstrated that this is one of those cases in which it was appropriate for the application and proceedings to be conducted entirely ex parte. It is noted that the better practice, in most cases, would be for the People to provide the defendant with advanced written notice, by way of motion brought on by order to show cause, that certain information had not been disclosed and a protective order was being sought under CPL 245.70. In any event, here, upon receipt of the protective order and notification that the grand jury testimony, identification procedures and interviews of a certain witness were not to be disclosed until 30 days before trial, defendant availed himself of the remedy under the statute, including the opportunity to present "'relevant and reliable information bearing on the issue' of whether the People demonstrated good cause for the protective order" for de novo review by a Justice of this Court (People v Artis, 179 AD3d 1440, 1441 [2020], quoting CPL 245.70 [6] [c]). Considering the information submitted in support and in opposition to this application, as well as the factors enumerated in CPL 245.70 (4), I find that good cause exists for the issuance of a protective order by County Court.
Upon the papers filed in support of the application, the papers filed in opposition thereto, the People's ex parte notice of motion for a protective order dated December 18, 2020 and affirmation in support, and the sealed transcript of the ex parte appearances before County Court, it is
ORDERED that, upon expedited review pursuant to CPL 245.70 (6), the application to modify or reverse the protective order is denied.