People v Escobales (2022 NY Slip Op 02354)

People v Escobales

2022 NY Slip Op 02354

Decided on April 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 8, 2022

113347
[*1]The People of the State of New York, Plaintiff,
v
Larenzo Escobales, Defendant.

DECISION AND ORDER ON MOTION

Application by defendant, pursuant to CPL 245.70 (6), for expedited review of an order of the County Court of Saratoga County (Murphy III, J.), dated March 18, 2022, which granted the People's application for a protective order.
Defendant was indicted on charges of assault in the first degree, strangulation in the second degree and unlawful imprisonment in the first degree, among other crimes. On March 15, 2022, the People submitted an application to County Court seeking a protective order with regard to certain otherwise discoverable materials. Defense counsel was provided with notice of the application and the proposed protective order, but the application itself was submitted ex parte to the court. At an appearance before County Court at which defense counsel waived defendant's appearance, defense counsel was permitted to present argument regarding the proposed protective order, but noted on the record that all he had received was the notice of the application and the proposed order, not the application itself. Defense counsel then requested that the People's application be disclosed so that he could prepare and make relevant arguments thereon. The application was not disclosed.
During this appearance before County Court in the presence of defense counsel, the People requested, consistent with the proposed protective order, that disclosure of the materials at issue "be limited . . . to defense counsel only . . . until one week prior to the commencement of trial," at which time disclosure could be made to defendant as well, and also that defendant be prohibited from disclosing or discussing any of the materials at issue with any third party besides his counsel. In response to a question from County Court, the People affirmed that their position was that defense counsel "himself would have access to all the materials" should the court grant the relief sought in the application. County Court then excused defense counsel from the hearing and proceeded with the People ex parte on the application, at the conclusion of which the court signed the protective order as proposed by the People. Defendant now seeks expedited review of the order pursuant to CPL 245.70 (6).
As is clear from the foregoing, although the People offered arguments as to good cause why the materials at issue should not be disclosed to defendant until the eve of trial, the People had no objection to the materials at issue being disclosed to defense counsel and provided no basis to County Court as to why defense counsel should not have access to the application or materials or participate fully in the hearing. Furthermore, County Court made no inquiry in that regard. Inasmuch as the People offered no basis to withhold these materials from defense counsel and, in fact, pursuant to the proposed order submitted by the People, defense counsel would be permitted to access them as soon as County Court signed the order, the better practice would have been to permit defense [*2]counsel access to the application and materials prior to the hearing on the protective order so that counsel could participate in it to the fullest extent practicable. While, in an appropriate case, "[t]he court may permit" ex parte or in camera submissions and proceedings (CPL 245.70 [1] [emphasis added]; see CPL 245.70 [3]), CPL article 245 "also recognizes the importance of parties and the court taking available measures to attempt to resolve discovery disputes and reach reasonable accommodation" (People v Bonifacio, 179 AD3d 977, 979 [2020]; see CPL 245.35 [1]; 245.70 [6] [b] [ii]). Further, to achieve the goals of the statute, "defense counsel should be excluded from participation in the protective order review process only to the extent necessary to preserve the confidentiality of sensitive information pending the court's determination as to the issuance, and scope, of the protective order" (People v Nash, 179 AD3d 982, 984 [2020]; accord People v Belfon, 181 AD3d 696, 698-699 [2020]). Here, it appears that the exclusion of defense counsel was not only excessive, but entirely unnecessary.
Defense counsel should, with the appropriate caveat not to disclose them to or discuss their contents with his client pending determination of the application, be permitted to view the application and the materials at issue and thereby meaningfully participate in the hearing before County Court in order to advocate on behalf of his client and assist in reaching an appropriate outcome. Accordingly, the instant application should be granted and the matter remitted for a new hearing following further disclosure to defense counsel.
Upon the papers filed in support of the application, the papers filed in opposition thereto, the People's notice of application for a protective order dated March 15, 2022 and ex parte affirmation in support, and the sealed transcript of the appearance before County Court, it is
ORDERED that, upon expedited review pursuant to CPL 245.70 (6), the application to modify or reverse the protective order is granted, the order of the County Court of Saratoga County (Murphy III, J.), dated March 18, 2022, is vacated and the matter is remitted to said court for further proceedings not inconsistent with this decision and order.