People v Lora (2025 NY Slip Op 00332)

People v Lora

2025 NY Slip Op 00332

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-06652
 (Ind. No. 873/21)

[*1]The People of the State of New York, respondent,
v
Anderson Jimenez Lora, appellant.

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Noah Wilpon on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered August 9, 2022, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. The Supreme Court's colloquy improperly suggested that appellate review would not remain for certain issues, including the voluntariness of the plea and the jurisdiction of the court (see People v Thomas, 34 NY3d 545, 566; People v Baptiste, 181 AD3d 696). Moreover, during the appeal waiver colloquy, the court did not explain that if the defendant could not afford the costs of an appeal or of an attorney to represent him on appeal, the State would bear those costs (see People v Alexander, 225 AD3d 890, 891). Further, given the court's failure to ascertain whether the defendant understood the contents of a written waiver of the right to appeal, and the fact that this was the defendant's first felony conviction, the defendant's execution of a written waiver of the right to appeal did not cure the court's deficient oral colloquy (see People v Haughton, 229 AD3d 467, 468; People v Hopkins, 227 AD3d 734). Thus, the appeal waiver does not preclude appellate review of the defendant's claim that the sentence imposed was excessive (see People v Haughton, 229 AD3d at 468).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court