People v Murphy (2025 NY Slip Op 02975)

People v Murphy

2025 NY Slip Op 02975

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CR-25-0662
[*1]The People of the State of New York, Plaintiff,
v
Eladio M. Murphy Jr., Defendant.

Calendar Date:

Before:

Application by defendant, pursuant to CPL 245.70 (6), for expedited review of an order of the County Court of Broome County (Carol Cocchiola, J.), dated April 17, 2025, which granted the People's application for a protective order.
On April 4, 2025, defendant was arraigned on charges of criminal possession of a weapon in the second degree and criminal possession of stolen property in the fifth degree. After the People and defense counsel were unable to reach an agreement as to the terms of a proposed protective order and the scope of disclosure for certain materials, the People submitted an ex parte application to County Court seeking a protective order with regard to the materials at issue. On April 17, 2025, County Court granted the People's application. County Court subsequently advised defense counsel, by letter sent to the County Court Clerk's office, that the People had made an ex parte application for a protective order and the court granted such relief. The court's letter also noted that the decision and order, as well as the People's motion, affidavit and exhibits, were to be filed under seal, and defendant's attorney was to be given notice of the existence of the order, without being provided a copy thereof, so that counsel could seek expedited review pursuant to CPL 245.70 (6). Defendant now seeks that relief.
Pursuant to CPL 245.70 (3), "[u]pon request for a protective order, unless the defendant voluntarily consents to the people's request for a protective order, the court shall conduct an appropriate hearing within three business days to determine whether good cause has been shown." Here, it is undisputed that defense counsel did not consent to the People's proposed protective order for the disputed materials. Accordingly, as the required hearing on the People's application was not conducted, the order must be vacated and the matter remitted for that purpose. Under the circumstances, noting that defendant was charged with a violent felony, the trial court has the authority to determine whether this hearing should be conducted ex parte (see CPL 245.70 [3]).
Given that further proceedings will be conducted upon remittal, two additional points must be addressed. First, it is true that, under certain circumstances and in an appropriate case, CPL 245.70 (1) permits a court to conduct ex parte proceedings and accept in camera submissions. However, this Court has advised, "the better practice, in most cases, would be for the People to provide the defendant with advanced written notice, by way of motion brought on by order to show cause, that certain information had not been disclosed and a protective order was being sought under CPL 245.70" (People v Stroud, 190 AD3d 1085, 1086 [3d Dept 2021]). Proceeding in this manner would "allow defense counsel to see the portions of the People's written application that contained legal argument or other matter that would not reveal the information sought to be covered by the protective order" (People v Nash, 179 AD3d 982, 984 [2d Dept 2020]), and ensure that defense counsel has a meaningful opportunity to participate in the hearing to the fullest extent practicable. Although the scope of that participation "is a determination to be made by the trial court in the exercise of provident discretion" (id.), this Court has also instructed that " 'defense counsel should be excluded from participation in the protective order review process only to the extent necessary to preserve the confidentiality of sensitive information pending the court's determination as to the issuance, and scope, of the protective order'" (People v Escobales, 204 AD3d 1157, 1159 [3d Dept 2022], quoting People v Nash, 179 AD3d at 984).
Finally, recognizing that CPL 245.70 (6) provides an opportunity for expedited review of a protective order by a Justice of the Appellate Division, "within two business days of the adverse or partially adverse ruling," the party seeking such expedited review should be provided a copy of the subject order. While the papers submitted in support of the People's application for a protective order and the hearing transcript may be appropriately sealed to preserve the confidentiality of sensitive information (see CPL 245.70 [1]), the same does not hold true for the protective order itself. That said, in drafting a protective order, the court should be mindful not to discuss the protected materials or include confidential information that would obviate the basis for granting the protective order or sealing the documents and materials considered.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the documents submitted by the People for in camera review, it is
ORDERED that, upon expedited review pursuant to CPL 245.70 (6), the application to vacate the protective order is granted, the order of the County Court of Broome County (Carol Cocchiola, J.), dated April 17, 2025, is vacated and the matter is remitted to said court for further proceedings not inconsistent with this decision and order. It is further
ORDERED that the documents submitted by the People for in camera review in connection with this application are deemed to be filed under seal, and shall continue to be sealed, until further order of County Court or this Court.