■ The People of the State of New York, Respondent, v Izel Dickerson Jr., Appellant. [876 NYS2d 662]—

Rose, J.P. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered April 3, 2008, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of a 2007 indictment. County Court sentenced defendant, as agreed, to a prison term of four years with postrelease supervision. De-

fendant was simultaneously sentenced as part of a plea agreement on an earlier, separate indictment to a 1¹/₂-year prison term and postrelease supervision. The amended sentence and commitment reflected that the two terms of imprisonment were to run consecutively. Defendant now appeals from the judgment of conviction on the 2007 indictment.

We affirm. Defendant argues that his plea was not knowing, intelligent and voluntary due to his confusion as to whether the two sentences were to run concurrently or consecutively. Defendant failed to move to withdraw his plea or vacate the judgment of conviction, nor did he otherwise raise an objection at sentencing, and the issue is not preserved for our review (*see People v Vance*, 27 AD3d 1015, 1016 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Wilson*, 289 AD2d 1088, 1088 [2001], *lv denied* 98 NY2d 656 [2002]). In any event, the record makes clear that defendant understood that he would receive credit for time served while awaiting sentencing on the earlier indictment and that the credit would be equal to the 1¹/₂-year prison term imposed thereon, but that said sentence would not run concurrently with the sentence on the 2007 indictment. As the record reflects that defendant was aware of the sentence to be imposed, we find that defendant's guilty plea was knowingly, intelligently and voluntarily entered (*see People v Nelson*, 46 AD3d 932, 933 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Torres*, 203 AD2d 208 [1994]; *compare People v George*, 59 AD3d 858, 859 [2009]).

Kane, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.