■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. SCOTT, Appellant. [57 NYS3d 289]—Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 23, 2016. The judgment convicted defendant, upon his plea of guilty, of possessing a sexual performance by a child and tampering with physical evidence.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of possessing a sexual performance by a child (Penal Law § 263.16) and tampering with physical evidence (§ 215.40 [2]). Defendant failed to move to withdraw his plea or vacate the judgment and thus failed to preserve for our review his contention that his plea was not knowing and voluntary because County Court advised him of his due process rights that would be waived by pleading guilty after, rather than before, conducting the factual allocution (*see People v Brinson*, 130 AD3d 1493, 1493 [2015], *lv denied* 26 NY3d 965 [2015]). In any event, we reject defendant's contention. It is axiomatic that the court "need not engage in any particular litany" in order to ensure that a defendant makes a "knowing, voluntary and intelligent choice among alternative courses of action" (*People v Conceicao*, 26 NY3d 375, 382 [2015]) and, here, the record establishes that defendant's plea was a knowing, voluntary and intelligent choice. Contrary to defendant's further contention, the court did not err in imposing consecutive sentences because the act of possessing the image of a sexual performance by a child on the hard drive of his computer is neither the same act as nor a material element of the offense of tampering with physical evidence, i.e., the hard drive of his computer (*see* § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]). The sentence is not unduly harsh or severe. Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.