People v Brown (2018 NY Slip Op 04205)





People v Brown


2018 NY Slip Op 04205


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


688 KA 17-00749

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES BROWN, DEFENDANT-APPELLANT. 






JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered March 2, 2017. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the second degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that his plea was not knowing and voluntary because, inter alia, County Court did not inform him of the trial rights that he was giving up until after he pleaded guilty (see People v Scott, 151 AD3d 1702, 1702 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; see generally People v Rojas, 147 AD3d 1535, 1536 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]; People v Brown, 115 AD3d 1204, 1205 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]). In any event, we reject defendant's contention. "It is axiomatic that the court need not engage in any particular litany' in order to ensure that a defendant makes a knowing, voluntary and intelligent choice among alternative courses of action' . . . and, here, the record establishes that defendant's plea was a knowing, voluntary and intelligent choice" (Scott, 151 AD3d at 1702). The record belies defendant's further contention that his plea was not voluntary or intelligent because the court failed to notify defendant in advance of his plea that one of the charges would constitute a violent felony offense. Indeed, the record is clear that the assault charge constituted the violent felony offense and, contrary to defendant's contention, the charge of criminal possession of a weapon in the third degree was not upgraded to a violent felony offense. Finally, the record also belies defendant's contention that the plea was not voluntary or intelligent because there was confusion regarding the appropriate sentence, inasmuch as "the record reflects that defendant was aware of the sentence to be imposed" (People v Dickerson, 61 AD3d 1220, 1221 [3d Dept 2009], lv denied 12 NY3d 924 [2009]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court