People v Howard (2020 NY Slip Op 02660)





People v Howard


2020 NY Slip Op 02660


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-02194

[*1]The People of the State of New York, respondent,
v
Gerald Howard, appellant. (S.C.I. No. 2633/18)


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel; Anmari Guerrero on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Gia L. Morris, J.), imposed January 10, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's colloquy mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief (see People v Thomas, _____ NY3d _____, _____, 2019 NY Slip Op 08545, *8; People v McDowell, 181 AD3d 716) and failed to inform the defendant that appellate review remained available for select issues (see People v Baptiste, 181 AD3d 696). Moreover, these defects were not cured by the terms of the standard written appeal waiver form, which not only lacked detail and repeated many of the mischaracterizations contained in the court's colloquy, but further misstated that the defendant was giving up the right to all postconviction relief separate from the direct appeal (see People v Thomas, _____ NY3d at _____, 2019 NY Slip Op 08545, *8). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court