People v Habersham (2020 NY Slip Op 04765)





People v Habersham


2020 NY Slip Op 04765


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-03953

[*1]The People of the State of New York, respondent,
v
James E. Habersham, appellant. (S.C.I. No. 334/19)


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; Kathleen Halliday on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Bruna L. DiBiase, J.), imposed March 12, 2019, upon his plea of guilty, on the ground that the sentence was excessive
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record demonstrates that the defendant did not waive his right to appeal knowingly, intelligently and voluntarily (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264, citing People v Lopez, 6 NY3d 248, 256; People v Christopher B., 184 AD3d 657). The defendant's written waiver of the right to appeal misstated the applicable law and was misleading (see People v Howard, 183 AD3d 640; People v Wilkinson, 176 AD3d 879), and further misstated that the defendant was giving up the right to poor person relief and postconviction remedies in both state and federal courts separate from direct appeal (see People v Thomas, 34 NY3d at 565-566; People v Suarez-Montoya, 183 AD3d 765). The Supreme Court's terse colloquy at the plea proceeding was insufficient to cure the defects of the written waiver (see People v Thomas, 34 NY3d at 564-566; People v Chy, 184 AD3d 664).
Further, the Supreme Court's colloquy and the written waiver form failed to adequately advise the defendant of the nature of his right to appeal and suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Wilson, 183 AD3d 922; People v Christopher B, 184 AD3d 657; People v Weeks, 182 AD3d 539; People v Brown, 122 AD3d 133, 144). Neither the waiver form nor the oral colloquy contained any clarifying language that the defendant retained the right to take an appeal after pleading guilty and that, even after waiving the right to appeal, appellate review remained available for select issues, including the voluntariness of the plea and the appeal waiver, legality of the sentence, and the jurisdiction of the court (see People v Howard, 183 AD3d 640; People v Baptiste, 181 AD3d 696).
In addition, the Supreme Court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Moncrieft, 168 AD3d 982; People v Pelaez, 100 AD3d 803). Thus, the purported waiver does not preclude appellate review of the defendant's [*2]excessive sentence claim (see People v Dixon, 184 AD3d 854, 855).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court