People v Thomas (2020 NY Slip Op 05949)





People v Thomas


2020 NY Slip Op 05949


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-14659
 (Ind. No. 6428/17)

[*1]The People of the State of New York, respondent,
v
Tony Thomas, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered October 25, 2018, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including October 25, 2038, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection; and it is further,
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's colloquy mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal, and failed to inform the defendant that appellate review remained available for certain issues (see People v Thomas, 34 NY3d 545; People v Howard, 183 AD3d 640). Further, the written waiver form was insufficient to overcome the deficiencies in the court's explanation of the waiver of the right to appeal, since it did not contain language clarifying that appellate review remained available for certain issues (see People v Contreras, 183 AD3d 759). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's challenge to the duration of the order of protection issued at the time of sentencing is unpreserved for appellate review (see People v Deal, 115 AD3d 975, 976). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Ramos, 164 AD3d 922, 923). As the People concede, the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including [*2]October 25, 2038, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection in accordance with CPL 530.13(4) (see People v Sanchez, 175 AD3d 1567; People v Ramos, 164 AD3d at 924).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court