People v Gaindarpersaud (2020 NY Slip Op 06285)





People v Gaindarpersaud


2020 NY Slip Op 06285


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-03491
 (Ind. No. 2615/15)

[*1]The People of the State of New York, respondent,
v
Yugeshwar Gaindarpersaud, appellant.


Paul Skip Laisure, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni Piplani of counsel; Anmari Guerrero on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Charles S. Lopresto, J.), imposed January 22, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waivers of his right to appeal were invalid. The standard written appeal waiver forms misstated the applicable law and were misleading (see People v Habersham, 186 AD3d 854; People v Howard, 183 AD3d 640; People v Wilkinson, 176 AD3d 879), and further misstated that the defendant was giving up the right to poor person relief and postconviction remedies in both state and federal courts separate from direct appeal (see People v Thomas, 34 NY3d 545, 565-566; People v Habersham, 186 AD3d at 854; People v Suarez-Montoya, 183 AD3d 765). The Supreme Court's oral colloquies mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal (see People v Thomas, 34 NY3d at 565) and failed to inform the defendant that appellate review remained available for select issues (see People v Baptiste, 181 AD3d 696). Thus, the purported waivers do not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court