People v Vaughan (2021 NY Slip Op 02323)





People v Vaughan


2021 NY Slip Op 02323


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10604
 (Ind. No. 2040/18)

[*1]The People of the State of New York, respondent,
v
Cardell Vaughan, appellant.


Janet E. Sabel, New York, NY (Jonathan Garelick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Christopher Blira-Koessler and Johnnette Traill of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Steven W. Paynter, J.), imposed August 8, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid because, inter alia, the Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing a bar to filing an appellate brief and the loss of attendant rights to counsel and poor person relief (see People v Thomas, 34 NY3d 545, 560-564; People v Sealey, 187 AD3d 1067; People v Howard, 183 AD3d 640). These defects were not cured by the terms of the written appeal waiver form, which repeated many of the mischaracterizations contained in the court's oral colloquy (see People v Sealey, 187 AD3d 1067; People v Howard, 183 AD3d 640). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Howard, 183 AD3d 640; People v Fuller, 163 AD3d 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court