People v Scott (2021 NY Slip Op 05995)





People v Scott


2021 NY Slip Op 05995


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-12819
2019-12820
2019-12821

[*1]The People of the State of New York, respondent,
v
Joshua Scott, appellant. (S.C.I. Nos. 17-00683, 18-00526, Ind. No. 18-00379)


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Orange County (Craig Stephen Brown, J.), all rendered October 22, 2018, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree under Superior Court Information No. 17-00683, criminal sale of a controlled substance in the third degree under Indictment No. 18-00379, and bail jumping in the second degree under Superior Court Information No. 18-00526, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant waived his right to appeal knowingly, intelligently, and voluntarily (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264). The County Court's colloquies mischaracterized the nature of the appeal waiver as an absolute bar to taking a direct appeal (see People v Thomas, 187 AD3d 1069, 1070; People v Chy, 184 AD3d 664, 665; People v Howard, 183 AD3d 640). Further, the written waiver forms also mischaracterized the nature of the right to appeal by stating that the waiver encompassed all issues relating to the defendant's pleas and sentences. Thus, the purported waivers do not preclude appellate review of any of the defendant's contentions (see People v Gudanowski, 187 AD3d 1205, 1206; People v Habersham, 186 AD3d 854, 854).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court