People v Morrison (2021 NY Slip Op 05987)





People v Morrison


2021 NY Slip Op 05987


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2019-08894

[*1]The People of the State of New York, respondent,
v
Clive T. Morrison, appellant. (S.C.I. No. 1174/19)


Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Jordan Miller on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Bruna L. DiBiase, J.), imposed July 15, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The defendant's written waiver of the right to appeal misstated the applicable law and was misleading and further misstated that the defendant was giving up the right to poor person relief and postconviction remedies in both state and federal courts separate from direct appeal (see People v Gaindarpersaud, 188 AD3d 718, 719; People v Habersham, 186 AD3d 854). The Supreme Court's colloquy was insufficient to cure the defects of the written waiver (see People v Habersham, 186 AD3d 854) and further mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal (see People v Thomas, 34 NY3d 545, 565-566; People v Whitlock, 189 AD3d 1473; People v Gaindarpersaud, 188 AD3d at 719; People v Contreras, 183 AD3d 759; People v Howard, 183 AD3d 640). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court