People v Shabaj (2021 NY Slip Op 06709)





People v Shabaj


2021 NY Slip Op 06709


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2019-07920
 (Ind. No. 18-00684)

[*1]The People of the State of New York, respondent,
v
Gzim Shabaj, appellant.


Anthony N. Iannarelli, Jr., New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Craig Stephen Brown, J.), imposed June 3, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Brown, 195 AD3d 943, 943; People v Burbridge, 194 AD3d 831, 832). The County Court's oral colloquy mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal (see People v Thomas, 34 NY3d 545, 565) and failed to inform the defendant that appellate review remained available for select issues (see People v Gaindarpersaud, 188 AD3d 718, 719). Accordingly, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Dixon, 163 AD3d 988, 989).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court