People v Keith (2022 NY Slip Op 00193)





People v Keith


2022 NY Slip Op 00193


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
CHERYL E. CHAMBERS
WILLIAM G. FORD, JJ.


2019-06840
 (Ind. No. 618/18)

[*1]The People of the State of New York, respondent, 
v
Richard Keith, also known as Keith Richard, appellant.


Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni C. Piplani of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed May 16, 2019, sentencing him to a determinate term of imprisonment of nine years, to be followed by a period of postrelease supervision of three years, upon his conviction of assault in the first degree, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of nine years, to be followed by a period of postrelease supervision of three years, to a determinate term of imprisonment of seven years, to be followed by a period of postrelease supervision of three years.
The defendant's purported waiver of his right to appeal was invalid because, inter alia, the Supreme Court mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal or seeking any postconviction relief separate from the direct appeal, and the loss of attendant rights to counsel and poor person relief (see People v Shanks, 37 NY3d 244; People v Thomas, 34 NY3d 545, 560-564; People v Howard, 183 AD3d 640). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Howard, 183 AD3d 640; People v Fuller, 163 AD3d 715).
In considering whether a sentence is unduly harsh or severe under the circumstances (see CPL 470.15[6][b]), "we exercise our discretion giving consideration to, 'among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence'" (People v Kordish, 140 AD3d 981, 982-983, quoting People v Farrar, 52 NY2d 302, 305; see Penal Law § 1.05; People v Diaz, 146 AD3d 803, 805-806; People v Suitte, 90 AD2d 80). In light of all of the facts and circumstances of this case, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., BARROS, CHAMBERS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court