People v Hernandez-Garcia (2022 NY Slip Op 01319)





People v Hernandez-Garcia


2022 NY Slip Op 01319


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2018-06184
 (Ind. No. 2367/16)

[*1]The People of the State of New York, respondent,
v
Francisco Hernandez-Garcia, appellant.


Patricia Pazner, New York, NY (Anna Kou of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni C. Piplani of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Gene Lopez, J.), imposed March 27, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264, citing People v Lopez, 6 NY3d 248, 256; People v Christopher B., 184 AD3d 657). The defendant's written waiver of the right to appeal misstated the applicable law and was misleading (see People v Howard, 183 AD3d 640; People v Wilkinson, 176 AD3d 879), and further misstated that the defendant was giving up the right to poor person relief and postconviction remedies in both state and federal courts separate from direct appeal (see People v Thomas, 34 NY3d at 565-566; People v Morrison, 199 AD3d 707; People v Gaindarpersaud, 188 AD3d 718; People v Suarez-Montoya, 183 AD3d 765).
Further, the written waiver form additionally failed to adequately advise the defendant of the nature of his right to appeal and suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Christopher B., 184 AD3d 657; People v Wilson, 183 AD3d 922; People v Howard, 183 AD3d 640; People v Weeks, 182 AD3d 539; People v Baptiste, 181 AD3d 696; People v Brown, 122 AD3d 133, 144). The Supreme Court's oral colloquy was insufficient to cure the defects of the written waiver (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Emery, 196 AD3d 599). Thus, the purported waiver does not preclude appellate reivew of the defendant's excessive sentence claim (see People v Morrison, 199 AD3d 707, 708).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., RIVERA, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court