People v Yancey (2022 NY Slip Op 02820)

People v Yancey

2022 NY Slip Op 02820

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-04988
 (Ind. No. 16-00530)

[*1]The People of the State of New York, respondent,
v
Hasan Yancey, etc., appellant.

Jeffrey F. Kebrdle II, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Shea Scanlon Lomma of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered May 3, 2018, convicting him of attempted robbery in the first degree (two counts) and robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of the right to appeal was invalid because the County Court mischaracterized the appellate rights waived as encompassing an absolute bar to filing an appellate brief, and the loss of attendant rights to counsel and poor person relief (see People v Thomas, 34 NY3d 545, 566; People v Keith, 201 AD3d 738). Moreover, the record reflects that the court made its own offer of sentence to the defendant and required the defendant to waive his right to appeal, without setting forth any reason for demanding an appeal waiver (see People v Esposito, 187 AD3d 781; People v Sutton, 184 AD3d 236, 244-245). Thus, the defendant's purported waiver of the right to appeal does not preclude appellate review of his challenge to the factual sufficiency of the plea allocution.
However, the defendant's challenge to the factual sufficiency of the plea allocution is unpreserved for appellate review because he did not move to withdraw the plea or otherwise raise the issue before the County Court (see People v Rodriguez, 194 AD3d 1078). In any event, the defendant's plea allocution was factually sufficient and the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see id. at 1078; People v Singh, 158 AD3d 824, 825; People v Johnson, 140 AD3d 1188, 1189).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court