People v Nicholson (2022 NY Slip Op 07079)

People v Nicholson

2022 NY Slip Op 07079

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2018-02895
 (Ind. No. 2647/16)

[*1]The People of the State of New York, respondent,
v
Isaiah Nicholson, appellant.

Toni Messina, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Rebecca Nealon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered February 8, 2018, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record fails to demonstrate that the defendant waived his right to appeal knowingly, intelligently, and voluntarily (see People v Thomas, 34 NY3d 545, 561-566; People v Emery, 196 AD3d 599, 599; People v Habersham, 186 AD3d 854, 854). "The defendant's written waiver of the right to appeal misstated the applicable law and was misleading, and further misstated that the defendant was giving up the right to poor person relief and postconviction remedies in both state and federal courts separate from direct appeal" (People v Habersham, 186 AD3d at 854, citing People v Thomas, 34 NY3d at 565-566; People v Suarez-Montoya, 183 AD3d 765; People v Howard, 183 AD3d 640; People v Wilkinson, 176 AD3d 879). The Supreme Court's colloquy at the plea proceeding was insufficient to cure the defects of the written waiver (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Thomas, 34 NY3d at 564-566; People v Emery, 196 AD3d at 599; People v Chy, 184 AD3d 664, 665). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Habersham, 186 AD3d at 855; People v Dixon, 184 AD3d 854, 855).
Nonetheless, the defendant's contention that the Supreme Court imposed a harsher sentence as punishment for exercising his right to a jury trial rather than accepting a plea offer prior to trial is unpreserved for appellate review (see People v Douglas, 200 AD3d 795, 798-799, citing People v Mujica, 146 AD3d 902, 903). In any event, the fact that the sentence imposed after exercising his right to proceed to trial "was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial" (People v Douglas, 200 AD3d at 799 [citations and internal quotation marks omitted]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
By ultimately entering a plea of guilty the defendant did "not forfeit his right to seek [*2]review of an alleged Brady violation" (People v Kelly, 208 AD3d 1250, 1251). However, the alleged Brady violation involves matters dehors the record and therefore "cannot be reviewed on direct appeal" (People v Walker, 189 AD3d 1619, 1619; see People v Helenese, 75 AD3d 653, 655).
With respect to the defendant's claims of error in the Supreme Court's evidentiary rulings that occurred at trial before he entered a plea of guilty, those contentions were forfeited upon his plea (see People v Hansen, 95 NY2d 227, 230; People v Sirico, 135 AD3d 19, 24-25; People v Gerber, 182 AD2d 252, 260-261).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court