People v McDonnell (2023 NY Slip Op 01310)

People v McDonnell

2023 NY Slip Op 01310

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-11625
 (Ind. No. 646/18)

[*1]The People of the State of New York, respondent,
v
Donald McDonnell, appellant. Matthew Muraskin, Port Jefferson, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Richard Ambro, J.), rendered February 19, 2019, convicting him of burglary in the first degree (10 counts), burglary in the second degree, and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, intelligent, and voluntary is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Pray, 183 AD3d 842, 842). Contrary to the defendant's contention, an exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of his plea (see People v Ramos, 164 AD3d 922, 923).
In any event, the defendant's contention that his plea was not knowing, intelligent, and voluntary is without merit. "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (People v Mack, 168 AD3d 1100, 1101, quoting People v Garcia, 92 NY2d 869, 870). "It is axiomatic that the court 'need not engage in any particular litany' in order to ensure that a defendant makes a 'knowing, voluntary and intelligent choice among alternative courses of action'" (People v Scott, 151 AD3d 1702, 1702, quoting People v Conceicao, 26 NY3d 375, 382). It is also not necessary that a defendant provide a factual exposition for each element of the offenses to which he entered a plea of guilty (see People v Welch, 164 AD3d 529, 530), as "[i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d 295, 301). Here, the record of the plea proceeding demonstrates that the defendant's plea was a knowing, intelligent, and voluntary choice (see People v Ramos, 164 AD3d at 923; People v Scott, 151 AD3d at 1702).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court