People v Batista (2023 NY Slip Op 02888)

People v Batista

2023 NY Slip Op 02888

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06422
 (Ind. No. 2278/17)

[*1]The People of the State of New York, respondent,
v
Remy Batista, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Deborah E. Wassel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered March 9, 2020, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of grand larceny in the fourth degree.
ORDERED that the amended judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid. The standard written appeal waiver form misstated the applicable law and was misleading (see People v Green, 205 AD3d 1051, 1052; People v Gaindarpersaud, 188 AD3d 718, 719; People v Habersham, 186 AD3d 854, 854). The Supreme Court's terse colloquy was insufficient to cure the defects of the written waiver (see People v Thomas, 34 NY3d 545, 564-566; People v Habersham, 186 AD3d at 854). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim. Nevertheless, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review (see People v Dickerson, 61 AD3d 1220, 1221; People v Robles, 5 AD3d 180, 180-181; People v Wilson, 289 AD2d 1088; People v Santana, 191 AD2d 655), and, in any event, without merit.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court