People v Gill (2023 NY Slip Op 06257)

People v Gill

2023 NY Slip Op 06257

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2019-14337
 (Ind. No. 1634/17)

[*1]The People of the State of New York, respondent,
v
DeAngelo Gill, appellant.

John Healy, Uniondale, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Hilda Mortensen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered December 4, 2019, convicting him of murder in the second degree and assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559; People v Lopez, 6 NY3d 248, 256). The Supreme Court's plea allocution was "insufficient to insure that the defendant grasped the distinction between rights automatically forfeited upon a plea of guilty, and the waiver of the right to appeal, especially in view of the fact that there is no written waiver in the record" (People v Ayala, 112 AD3d 646, 646). Some of the court's statements improperly suggested that waiving the right to appeal was mandatory, rather than a right which the defendant was being asked to voluntarily relinquish (see People v Pray, 183 AD3d 842, 843; People v Guang Chen, 176 AD3d 1095, 1095; People v Pelaez, 100 AD3d 803, 803). The ambiguity of the court's statements was heightened by the fact that the court itself, rather than the People, demanded an appeal waiver and failed to set forth an adequate reason for such a demand (see People v Yancey, 204 AD3d 1044, 1044; see generally People v Sutton, 184 AD3d 236, 244-245). Based on the totality of the circumstances, including the defendant's young age, limited education, and lack of experience with the criminal justice system, the record does not establish that the defendant understood the nature of the appellate rights he was waiving (see People v Eduardo S., 186 AD3d 1265, 1268; People v Christopher B., 184 AD3d 657, 660). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Dixon, 184 AD3d 854, 855).
However, the sentence imposed was not excessive (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court