People v Dowling (2025 NY Slip Op 02602)

People v Dowling

2025 NY Slip Op 02602

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-01405
 (Ind. No. 70116/21)

[*1]The People of the State of New York, respondent,
v
Brendan Dowling, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Jordan Najah on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Joseph E. Gubbay, J., at plea; Matthew J. D'Emic, J., at sentence), imposed January 25, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Based on the totality of the circumstances, the defendant's purported waiver of the right to appeal was invalid. "The trial courts must be sure to obtain, on the record, an affirmative response from the defendant that he or she understands the rights as explained, that the defendant is giving up those rights, and that the defendant is doing so voluntarily after discussing same with counsel" (People v Deas, 228 AD3d 954, 954 [internal quotation marks omitted]). Here, the Supreme Court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see id.; People v Habersham, 186 AD3d 854, 854-855) and did not ensure that he understood the distinction between the right to appeal and the rights automatically forfeited upon entering a plea of guilty (see People v Soto, 169 AD3d 937, 937-938). Moreover, the court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to counsel and a waiver of costs, fees, and expenses (see People v Burris, 231 AD3d 1063, 1063-1064; People v Erdaide, 216 AD3d 1178, 1178). Under the circumstances, the defendant's execution of a written waiver of the right to appeal did not cure the deficient oral colloquy (see People v Burris, 231 AD3d at 1064; People v Deas, 228 AD3d at 954). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., CHAMBERS, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court