People v Elijah C. (2025 NY Slip Op 04917)

People v Elijah C.

2025 NY Slip Op 04917

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-09903 
2022-09905
2022-09906

[*1]The People of the State of New York, respondent,
v
Elijah C. (Anonymous), appellant. (Ind. Nos. 70141/21, 70188/21; S.C.I. No. 72311/22)

Patricia Pazner, New York, NY (Yvonne Shivers and Martin Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Kenneth X. L. Markert of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Bruna L. DiBiase, J.), rendered October 12, 2022, adjudicating him a youthful offender, upon his plea of guilty to robbery in the first degree under Indictment No. 70141/21, and sentencing him to a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities, Condition No. 15, requiring the defendant to undergo random drug and alcohol testing if directed by the Department of Probation, and Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, firearm or other weapon, or contraband found during the search, (2) a judgment of the same court, also rendered October 12, 2022, adjudicating him a youthful offender, upon his plea of guilty to robbery in the first degree under Indictment No. 70188/21, and sentencing him to a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities, Condition No. 15, requiring the defendant to undergo random drug and alcohol testing if directed by the Department of Probation, and Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, firearm or other weapon, or contraband found during the search, and (3) a judgment of the same court, also rendered October 12, 2022, adjudicating him a youthful offender, upon his plea of guilty to robbery in the first degree under Superior Court Information No. 72311/22, and sentencing him to a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities, Condition No. 15, requiring the defendant to undergo random drug and alcohol testing if directed by the Department of Probation, and Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, firearm or other weapon, or contraband found during the search.
ORDERED that the judgments are modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgments are affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). The Supreme Court mischaracterized the nature of the appeal waiver by stating that the defendant's adjudications and sentences would be final, thereby suggesting that the waiver may be an absolute bar to the taking of an appeal (see People v Matthews, 220 AD3d 719; People v Boykin, 219 AD3d 499). Moreover, "'the defendant's written waiver of the right to appeal misstated the applicable law and was misleading and further misstated that the defendant was giving up the right to [a waiver of costs, fees, and expenses] and [postadjudication] remedies in both state and federal courts separate from direct appeal'" (People v Yentes, 233 AD3d 806, 807, quoting People v Morrison, 199 AD3d 707, 708; see People v Vargas, 187 AD3d 1222; People v Habersham, 186 AD3d 854). The court's oral colloquy was insufficient to cure the defects contained in the written appeal waivers executed by the defendant (see People v Morrison, 199 AD3d at 708). Accordingly, the defendant's purported appeal waiver does not limit the scope of this Court's review (see generally People v Savransky, 206 AD3d 764, 765).
However, contrary to the defendant's contention, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
As part of the sentences of probation imposed on the defendant, the Supreme Court imposed conditions of probation, including conditions requiring the defendant to support dependents and meet other family responsibilities (hereinafter Condition No. 14), requiring the defendant to undergo random drug and alcohol testing if directed by the Department of Probation (hereinafter Condition No. 15), and requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, firearm or other weapon, or contraband found during the search (hereinafter Condition No. 28).
"Pursuant to Penal Law § 65.10(1), the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so'" (People v Mensah, 221 AD3d 732, 733; see People v Mantilla, 236 AD3d 925). "In Penal Law § 65.10(2), the Legislature set forth a list of conditions intended as rehabilitative" (People v Joseph D., 226 AD3d 922, 923; see People v Hakes, 32 NY3d 624, 629), including the condition that a defendant "[s]upport his dependents and meet other family responsibilities" (Penal Law § 65.10[2][f]). The statutory list "does not purport to be complete, nor must every requirement be imposed in every case" (People v Hale, 93 NY2d 454, 461). Thus, Penal Law § 65.10(2)(l) also includes "a catchall provision which allow[s] . . . courts to set 'any other conditions reasonably related to [the defendant's] rehabilitation'" (People v Hakes, 32 NY3d at 629). "Sentencing courts may also impose conditions 'requir[ing] that the defendant comply with any other reasonable condition . . . necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant'" (People v Brazeal, 235 AD3d 890, 891-892, quoting Penal Law § 65.10[5]). "Therefore, sentencing courts may require a defendant to consent to searches by his or her probation officer for weapons or other contraband, so long as the condition is 'reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life'" (People v Mantilla, 236 AD3d at 926, quoting People v Mensah, 221 AD3d at 733; see People v Hale, 93 NY2d at 461). "To satisfy this standard, courts must ensure that the condition is 'individually tailored in relation to the offense' and the defendant's particular circumstances, including his or her 'background, history, and proclivities'" (People v Mantilla, 236 AD3d at 926, quoting People v Dranchuk, 203 AD3d 741, 743, and People v Hale, 93 NY2d at 461; see People v Brazeal, 235 AD3d at 892).
Here, under the circumstances of this case, including that the defendant has no dependents, the Supreme Court improperly imposed Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities, as this condition was not individually "tailored to suit the probationer" (People v Hale, 93 NY2d at 461; see People v Sobers, 235 AD3d 908). Accordingly, we modify the judgments by deleting Condition No. 14 from the conditions of probation.
The Supreme Court properly imposed Condition No. 15 and Condition No. 28. These [*2]conditions were individually tailored in relation to the underlying offenses, which were violent in nature, and to the defendant's admitted near daily use of marijuana until a few months before sentencing. Accordingly, these conditions were reasonably related to the defendant's rehabilitation and necessary to ensure that the defendant will lead a law-abiding life (see People v Hale, 93 NY2d at 461; People v Grandstand, 236 AD3d 817, 818).
The defendant's remaining contention need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court