People v Ferraro

2026 NY Slip Op 02416

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Nico Ferraro, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2019-06080, (Ind. No. 303/18)

Angela G. Iannacci, J.P.

Paul Wooten

Lourdes M. Ventura

Lisa S. Ottley, JJ.

Twyla Carter, New York, NY (Natalie Rea of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Philip Amur of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered April 22, 2019, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Steven W. Paynter, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

ORDERED that the judgment is affirmed.

The defendant was arrested and charged, inter alia, with criminal possession of a firearm, after police officers recovered a firearm from his vehicle during a traffic stop. The defendant filed an omnibus motion, among other things, to suppress physical evidence on the ground that the traffic stop was unlawful and to suppress the defendant's statements made to law enforcement officials. The Supreme Court, inter alia, granted that branch of the omnibus motion which was to suppress the defendant's statements made to law enforcement officials to the extent of directing a Huntley hearing (see People v Huntley, 15 NY2d 72) but denied, without a hearing, that branch of the omnibus motion which was to suppress physical evidence. The defendant subsequently pleaded guilty to criminal possession of a firearm, and sentence was imposed.

Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The defendant's written waiver of the right to appeal misstated the applicable law and was misleading and further misstated that the defendant was giving up the right to assigned counsel and postconviction remedies (see People v Nicholson, 211 AD3d 852, 853; People v Habersham, 186 AD3d 854). Under the circumstances of this case, including the defendant's lack of experience with the criminal justice system, the Supreme Court's oral colloquy—which also included the misstatement that "as a result of this plea, . . . the conviction and sentence will be final"—was insufficient to cure the defects of the written waiver and to demonstrate a knowing, intelligent, and voluntary appeal waiver (see People v Trigueros-Hernandez, 243 AD3d 817, 818; People v Gill, 222 AD3d 660, 661; People v Nicholson, 211 AD3d at 853).

Since the purported appeal waiver was invalid, it does not preclude appellate review of the defendant's contention that the Supreme Court erred in denying, without a hearing, that branch [*2]of his omnibus motion which was to suppress physical evidence (see People v Muhammad, 231 AD3d 868, 869). However, the defendant's contention is without merit. Although it might have been better practice for the court, in the interest of judicial economy, to have included a Mapp hearing (see Mapp v Ohio, 367 US 643) with the Huntley hearing (see People v Mendoza, 82 NY2d 415, 429-430), it was not error for the court to summarily deny that branch of the omnibus motion which was to suppress physical evidence. The defendant's supporting papers were conclusory and failed to set forth factual allegations sufficient to require a hearing on that branch of the motion (see People v Cunningham, 194 AD3d 954, 955).

The defendant's contentions that Penal Law § 265.01-b is unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) and as a violation of the right to travel under the Privileges and Immunities Clause of the United States Constitution are unpreserved for appellate review, since he failed to raise those constitutional challenges before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42). We decline to review the unpreserved contentions in the exercise of our interest of justice jurisdiction.

The parties' remaining contentions are without merit.

IANNACCI, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court