People v Mingo (2025 NY Slip Op 06335)

People v Mingo

2025 NY Slip Op 06335

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-09372
 (Ind. No. 812/20)

[*1]The People of the State of New York, respondent,
v
Shaking Mingo, appellant.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and David E. Mehl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered November 7, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, for a new determination of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial in accordance herewith, and thereafter a report to this Court advising of the new determination, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. Among other things, during the appeal waiver colloquy, the Supreme Court failed to advise the defendant that if he could not afford the costs of an appeal or of an attorney to represent him on appeal, then the State would bear those costs (see People v Alexander, 225 AD3d 890, 891) or to advise the defendant that the waiver of the right to appeal did not encompass the loss of attendant rights to counsel and the waiver of costs, fees, and expenses (see People v Walker, 234 AD3d 883, 884). Although the defendant executed a written appeal waiver form, the court failed to ascertain on the record whether the defendant had read the written waiver, was aware of all of its contents, and had discussed the entire written waiver with counsel, including the portion of the written waiver addressing the attendant rights to counsel and the waiver of costs, fees, and expenses (see People v Hopkins, 227 AD3d 734; People v Weeks, 182 AD3d 539, 540). Thus, under the circumstances of this case, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal, and the purported appeal waiver does not preclude appellate review of any of the defendant's contentions (see People v Scott, 199 AD3d 721).
Nevertheless, the record is inadequate to evaluate the denial of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial (see People v Ryan, 237 AD3d 754, 756). After the People opposed the defendant's motion, the defendant argued for the first time in his reply papers that the first supplemental certificate of compliance (hereinafter the first supplemental COC) filed by the People on December 16, 2020, was illusory due to subsequent disclosures. In an order dated June 27, 2022, the Supreme [*2]Court denied the defendant's motion, stating, inter alia, that it was "disinclined to strike" the first supplemental COC as illusory, "without affording the People an opportunity to respond" to that issue. Since the People had not addressed the defendant's contention that the first supplemental COC was illusory prior to the court's decision, the record is insufficient to determine whether the People met their burden of "establishing that they did, in fact, exercise due diligence and make reasonable inquiries to ascertain the existence of material and information subject to discovery prior to filing the [first supplemental] COC" (People v Serrano, 234 AD3d 879, 883; see People v Brown, 28 NY3d 392, 408-409).
Accordingly, we remit the matter to the Supreme Court, Kings County, to afford the People an opportunity to submit surreply papers to the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial so as to address the defendant's contention that the first supplemental COC was illusory, for a hearing on that issue, if necessary (see CPL 210.45), for a new determination of the defendant's motion thereafter, and for a report on the new determination. We hold the appeal in abeyance pending receipt of the Supreme Court's report.
DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court