People v Gonzalez (2025 NY Slip Op 07397)

People v Gonzalez

2025 NY Slip Op 07397

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-05436

[*1]The People of the State of New York, respondent,
vDanny Gonzalez, appellant. Ind. No. 70203/22

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and MyeongHwan Cha of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni Cimino, J.), rendered April 27, 2023, convicting him of burglary in the third degree and attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to counsel and to the waiver of costs, fees, and expenses and assignment of counsel (see People v Diaz, 234 AD3d 871, 871; People v Lawrence, 227 AD3d 829, 829). Although the defendant executed a written appeal waiver form, the court failed to confirm that the defendant understood the contents of the written waiver (see People v Hopkins, 227 AD3d 734, 734; People v Richards, 224 AD3d 782). Thus, the defendant's purported appeal waiver does not preclude appellate review of his statutory speedy trial or excessive sentence claims (see People v Mingo, ___ AD3d ___, ___, 2025 NY Slip Op 06335, *2).
"In felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the action" (People v Serrano, 234 AD3d 879, 882; see CPL 30.30[1][a]). "Absent an individualized finding of special circumstances, 'the prosecution shall not be deemed ready for trial for [the] purposes of [CPL 30.30] until it has filed a proper [certificate of compliance (hereinafter COC)]'" (People v Serrano, 234 AD3d at 882, quoting CPL 245.50[3]).
"When a defendant moves pursuant to CPL 30.30 to dismiss the indictment on the ground that the People failed to exercise due diligence and therefore did not file a proper COC, 'the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure'" (People v Serrano, 234 AD3d at 882, quoting People v Bay, 41 NY3d 200, 213). "'If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed'" (People v Serrano, 234 AD3d at 882, quoting People v Bay, 41 NY3d at 213).
Here, the People's initial COC was valid, and the statement of readiness was not illusory (see People v Macaluso, 230 AD3d 1158, 1159-1160). The record demonstrates that the People "exercis[ed] due diligence and ma[de] reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery" (CPL 245.50[1]), "as evidenced by the extensive, voluminous documents provided to the defendant with the initial [COC] and statement of readiness" (People v Macaluso, 230 AD3d at 1160; see People ex rel. Nieves v Maginley-Liddie, 232 AD3d 568, 570). The People's belated disclosures that accompanied the supplemental certificates of compliance were made in good faith and with due diligence, were minimal, and were voluntarily provided to the defense once the People were made aware of the existence of the undisclosed materials (see People ex rel. Nieves v Maginley-Liddie, 232 AD3d at 570; People v Macaluso, 230 AD3d at 1160). Moreover, the defendant did not request any sanctions or accommodations based upon the belated disclosures aside from seeking dismissal of the indictment (see People v Emanuel, 239 AD3d 767, 768; People v Macaluso, 230 AD3d at 1160). Accordingly, since the People's initial COC was proper, and the statement of trial readiness was not illusory, the Supreme Court properly denied the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a) (see People v Macaluso, 230 AD3d at 1160).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court